**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DIAZ | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| TTT FOODS LLC | ) | |
| Serve: Amer Hawatmeh | ) | |
| 1122 Washington Ave. | ) | **JURY TRIAL REQUESTED** |
| Saint Louis, MO 63101 | ) | |
| Defendant | ) | |

## COMPLAINT

COMES NOW Plaintiff Michael Diaz ("Diaz"), by and through his attorneys,

Kaplan Associates, LLC, and for his Complaint against Defendant TTT FOODS, LLC

("TTT") states as follows:

### Facts Relevant to All Counts

1. Plaintiff Michael Diaz is a resident and citizen of St. Louis, Missouri.

2. Defendant TTT FOODS, LLC is a limited liability company with its

principal place of business in the City of St. Louis, Missouri.

3. Jurisdiction of this Court is based on 28 U.S .C, § 1331, in that this action

arises under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

and 28 U.S.C. §§ 1331, 1337, and 1350.

4. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b), in that TTT

resides in this judicial district; Plaintiff resides within this district, and further because the

events or omissions giving rise to the claim in this action first occurred in this district.

{00034050.DOC}1

## COUNT I- FLSA Violation

5.      Diaz incorporates the allegations of Paragraphs 1-4 into this Count I of his Complaint.

6.      TTT has acted as an employer within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d).

7.      Diaz brings this Count against TTT for unpaid overtime pursuant to the FSLA, 29 U.S.C. § 207(o) and 213.

8.      Diaz did not receive the requisite overtime required under the FLSA, in that Diaz was paid the equivalent of an hourly wage without being paid time and a half for the additional hours that exceeded 40 hours per week.

9.      Diaz worked seven days a week, with the work week often in excess of 60 hours a week.

10.     Diaz was not a supervisor or bona fide administrator, management, or otherwise exempt employee as defined by the FLSA and relevant regulations.

11.     For all relevant time periods detailed above, TTT kept time sheets confirming the hours in excess of 40 hours a week that Diaz worked.

12.     Diaz complained about the lack of payment of overtime issue with TTT, but TTT did not modify its method of payment.

13.     TTT made no effort in response to Diaz's wage and hours concerns to amend its conduct in failing to pay overtime wages.

14.     As a direct result of TTT's conduct as described herein, Plaintiff has suffered lost wages and benefits of employment.

{00034050.DOC}2

15.     As a direct result of TTT's conduct as described herein, Plaintiff has incurred attorneys' fees and costs of litigation.

16.     TTT's actions were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

17.     The FLSA provides that an employee may file a private suit to recover back wages, an equal amount in liquidated damages, plus attorney's fees and court costs.

WHEREFORE, Diaz prays that the Court enter judgment in his favor and against TTT, in an amount to be determined at trial, for his actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Plaintiffs lost wages and benefits of employment and interest thereon; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

## COUNT II- FLSA Retaliation

18.     Diaz incorporates the allegations of Paragraphs 1-17 into this Count II of his Complaint.

19.     Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

20.     Since he began employment with TTT, Diaz repeatedly complained that he did not receive the requisite overtime payments required under the FLSA, that Diaz was paid the equivalent of an hourly wage for only 40 hours per week, although he

frequently worked over 60 hours in a week, and that TTT misidentified Diaz as an exempt salaried employee from the FLSA laws when Diaz was required to be paid as an hourly employee.

21.     Diaz brought a charge with the Wage and Hour Division of the United States Department of Labor to recover unpaid back wages.

22.     After his complaints to TTT and after Diaz filed a charge with the Wage and Hour Division of the Department of Labor, Diaz was terminated by TTT.

23.     Diaz was terminated because he complained about TTT's failure to pay his overtime wages and/or because he complained to the Wage and Hour Division of the United States Department of Labor to recover unpaid back wages.

24.     As a direct result of TTT's conduct as described herein, Plaintiff has suffered lost wages and benefits of employment.

25.     As a direct result of TTT's conduct as described herein, Plaintiff has incurred attorneys' fees and costs of litigation.

26.     TTT's actions were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

WHEREFORE, Diaz prays that the Court enter judgment in his favor and against TTT, in an amount to be determined at trial, for his actual damages, including lost wages and benefits of employment, and interest thereon; for liquidated damages in an amount equal to Plaintiffs lost wages and benefits of employment and interest thereon; for equitable relief, including reinstatement or front pay; for reasonable attorneys' fees and costs of litigation; and for such further relief as the Court deems just and proper.

Submitted by:

KAPLAN ASSOCIATES, LLC
By: */s/ Lawrence P. Kaplan*
Lawrence P. Kaplan, #19782
Susan Kister, #38327
101 South Hanley Road, Suite 1225
Saint Louis, MO 63105
lkaplan@ka-law.com
skister@ka-law.com
*Attorneys for Plaintiff*