UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DIAZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16 CV 1701 CDP |
| | ) |
| TTT FOODS LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Michael Diaz brings this action under Section 15(a)(3) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), claiming that defendant TTT Foods LLC unlawfully terminated his employment in retaliation for his complaint that he was not being paid overtime as required under the FLSA and for seeking to recover his back wages.  TTT Foods seeks summary judgment on Diaz's claim. Because TTT Foods has articulated legitimate, non-retaliatory reasons for Diaz's discharge and Diaz has failed to show these reasons were pretext for retaliation, I will grant the motion for summary judgment.  TTT Foods' motion to dismiss for failure to prosecute will be denied as moot.

### Background

In his amended complaint, Diaz claims that during his employment with TTT Foods, he often worked in excess of forty hours per week but was paid the equivalent

of an hourly wage for only forty hours. Diaz claims that he complained about TTT Foods' failure to pay overtime wages – including to the Department of Labor for recovery of back wages – and was terminated because of his complaints.

In its motion for summary judgment, TTT Foods contends that Diaz never complained to it about unpaid overtime, and any informal oral complaints that Diaz may have made do not amount to protected activity under the FLSA. To the extent Diaz complained to the Department of Labor, TTT Foods contends that it did not become aware of the complaint until after Diaz was terminated, thereby negating any causal connection between the complaint and Diaz's termination. Regardless, TTT Foods claims that Diaz released his claim of retaliatory discharge when he settled his dispute over overtime pay with TTT Foods. Finally, TTT Foods avers that it terminated Diaz for legitimate, non-retaliatory reasons and that Diaz cannot show these reasons to be pretext for retaliation.

## Summary Judgment Standard

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to the nonmoving party and accord him the benefit of all

reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007).

Initially, the moving party must demonstrate the absence of an issue for trial. *Celotex,* 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in his pleadings or in general denials of the movant's assertions, but must instead come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 324; *Torgerson,* 643 F.3d at 1042. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Torgerson*, 643 F.3d at 1042 (internal quotation marks and citations omitted).

If the nonmoving party fails to properly address an assertion of fact made by the movant, the Federal Rules of Civil Procedure permit me to consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). The Local Rules of this Court, however, require it. Under Local Rule 4.01(E), moving parties must include a statement of uncontroverted material facts with their memorandum, with citations to the record if the fact(s) are established by the record.

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

E.D. Mo. L.R. 4.01(E) (emphasis added).

**Evidence Before the Court on the Motion**

The following recitation of facts set out in TTT Foods' Statement of Uncontroverted Material Facts (ECF #27-1) are deemed admitted because Diaz did not specifically controvert them in response to the motion for summary judgment.

TTT Foods owns and operates the Copia Restaurant & Wine Garden (Restaurant) and the Copia Wine Shop and Bodega (Bodega).   TTT Foods hired Diaz on or about July 22, 2014, initially to bus tables for the Restaurant.   Diaz then began working as a cashier in the Bodega.   In January or February of 2016, Diaz became assistant manager of the Bodega.

After becoming assistant manager, Diaz received oral reprimands and write-ups for issues involving his work performance and conduct, including for failing to appear for work, undercharging for goods, providing an unauthorized "discount" to friends and co-employees, failing to appear in uniform, and taking longer than thirty minutes to take out the trash.   He also smelled of marijuana.  TTT Foods counseled Diaz but did not take adverse job action against him.

On May 22, 2016, Diaz came to work out of uniform and was unshowered with noticeable poor personal hygiene.   He also brought nunchucks and a sword to work with him.   As a result of this conduct, TTT Foods suspended Diaz for three days.   Diaz thereafter returned to work without any limitation in duties or decrease in shifts or work hours.

On Sunday, June 25, 2016, TTT Foods' General Manager Amer Hawatmeh entered the Bodega on a surprise visit and found Diaz to have money strewn about the counter.  Diaz exuded an odor indicating a lack of hygiene and was again out of uniform.  No stocking had been done, and Diaz had an open energy drink and food for which he had not paid.  When Hawatmeh approached Diaz to address the issues, Diaz became angry and stated that that he did not have to listen to or put up with Hawatmeh, and that he (Diaz) could do what he wanted.  Diaz appeared to be under the influence of marijuana and to have been drinking.  Diaz's employment was immediately terminated, his keys were confiscated, and he was instructed to leave the premises.  Hawatmeh worked the remainder of Diaz's shift.  While doing so, Hawatmeh found empty alcohol containers in the trash can under the cashier's station.  The following day, Hawatmeh prepared a Discipline Documentation Form.

On September 14, 2016, the Department of Labor contacted TTT Foods about claims of its alleged failure to pay overtime wages to its employees.  TTT Foods was not aware until that time that anyone had complained about overtime wages.  Although Diaz attests that he demanded that TTT Foods pay him overtime, he provides no dates on which he made these demands.  (*See* ECF #29.)

## Discussion

The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint .

. . under or related to this chapter." 29 U.S.C. § 215(a)(3). I apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), to Diaz's FLSA claim of retaliatory discharge. *Grey v. City of Oak Grove, Mo.*, 396 F.3d 1031, 1034-35 (8th Cir. 2005). Accordingly, to establish a prima facie case of retaliation, Diaz must show that he participated in statutorily protected activity, that TTT Foods took an adverse employment action against him, and that there was a causal connection between the protected activity and the adverse action. *Id.* If Diaz can establish a prima facie case, the burden shifts to TTT Foods to articulate a legitimate, non-retaliatory reason for the adverse action. If TTT Foods meets this burden, the burden then shifts back to Diaz to prove that the reason advanced by TTT Foods is pretextual. *Id.* To show pretext, Diaz must present sufficient evidence to show both that TTT Foods' articulated reason for the adverse employment action was false and that retaliation was the real reason. *See Lors v. Dean*, 595 F.3d 831, 834 (8th Cir. 2010).

    I will assume for purposes of this discussion only that Diaz could establish a prima facie case of retaliation. TTT Foods has presented undisputed evidence, however, that it terminated Diaz's employment for legitimate, non-retaliatory reasons given the repeated episodes of Diaz's unsatisfactory work performance, including being out of uniform, displaying poor hygiene, bringing weapons to work, appearing under the influence of alcohol or illegal substances, undercharging or

providing unauthorized discounts for goods, and/or being insubordinate to supervisory personnel.   Despite receiving warnings, counseling, and a suspension, Diaz continued to engage in unacceptable behavior at work.   This continued conduct gave TTT Foods legitimate reason to terminate Diaz's employment.   *See Putman v. Unity Health Sys.*, 348 F.3d 732 (8th Cir. 2003) (insubordination is legitimate reason for termination); *Hopper v. Hallmark Cards, Inc.*, 87 F.3d 983 (8th Cir. 1996) (poor work performance and poor attendance are legitimate, nondiscriminatory reasons for discharge); *Crayton v. Cardinal Bldg. Materials, Inc.*, No. 4:98CV1863-DJS, 1999 WL 1063182, at *2 (E.D. Mo. June 2, 1999) (appearing for work under influence of alcohol in violation of policy is legitimate, nondiscriminatory reason for discharge), *aff'd*, 221 F.3d 1341 (8th Cir. 2000) (per curiam).   Further, an employer's honest belief that an employee's conduct merited termination does not indicate that unlawful discrimination motivated the employer to take adverse employment action.   *Johnson v. AT&T Corp.*, 422 F.3d 756, 762-63 (8th Cir. 2005); *Horton v. Hussmann Corp.,* No. 4:05 CV 65 DDN, 2007 WL 3352367, at *9 (E.D. Mo. Nov. 9, 2007).

Diaz does not argue, nor has he produced any evidence, that TTT Foods' proffered reasons are pretext for unlawful retaliation.   As a result, his claim of retaliatory discharge under the FLSA fails and TTT Foods is entitled to judgment as a matter of law.   *See Krenik v. County of Le Sueur*, 47 F.3d 953, 960 (8th Cir. 1995)

(defendant-employer entitled to summary judgment where plaintiff failed to present any evidence to support a finding of pretext). Because TTT Foods lawfully terminated Diaz's employment for legitimate, non-retaliatory reasons, I need not consider TTT Foods' other bases for summary judgment on Diaz's FLSA claim of retaliatory discharge.

Accordingly,

**IT IS HEREBY ORDERED** that defendant TTT Foods LLC's Motion for Summary Judgment [30] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant TTT Foods LLC's Motion to Dismiss for Failure to Prosecute [21] is **DENIED as moot**.

A separate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2017.